1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RODGER ALLEY,                              No.  2:22-cv-0661 DB P

12                        Plaintiff,

13          v.                                   ORDER

14    ALLEN SAELEE, et al.,

15                        Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims that defendants violated his rights by using excessive force,

19    denying him access to medical care, and conspiring against him in violation his state and federal

20    rights.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2)

21    and his complaint for screening (ECF No. 1).  For the reasons set forth below, the court will give

22    plaintiff the option to proceed with the complaint as screened or file an amended complaint.

23                              **IN FORMA PAUPERIS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25    1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

26          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

## I.      Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

2

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

      The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  <u>Bivens</u>, 403 U.S. at

389.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

<u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

their employees under a theory of respondeat superior and, therefore, when a named defendant

holds a supervisorial position, the causal link between him and the claimed constitutional

violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

<u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

<u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**I.**       **Allegations in the Complaint**

      Plaintiff states the events giving rise to the claim occurred while he was incarcerated at

Mule Creek State Prison ("MCSP").  (ECF No. 1 at 2.)  He has named the following defendants:

(1) MCSP correctional officer Randy Denniston; (2) MCSP correctional officer Jorge Estupinan;

(3) MCSP correctional officer Aleksandr Tsushko; (4) MCSP correctional officer Jessica Gamez;

1   (5) MCSP correctional officer Wesley Sears; (6) MCSP correctional officer Lindy Ables; (7)

2   MCSP correctional sergeant Blake McTaggart; (8) MCSP correctional sergeant Kayla

3   McTaggart; (9) MCSP correctional officer Derek Endicott; (10) MCSP correctional officer

4   Zachary Warren; (11) MCSP correctional officer Marlene Young; (12) MCSP correctional officer

5   Sean Medina; (13) MCSP correctional sergeant D. Clays; (14) correctional lieutenant James

6   Quiring; (15) licensed vocational nurse ("LVN") at MCSP Staci Woods; (16) registered nurse

7   ("RN") at MCSP Shelly Oehler.  (Id. at 4-8.)

8        On January 13, 2021, MCSP was on modified program due the COVID-19 pandemic.  (Id.

9   at 9.)  Staff released plaintiff from his cell for telephone and shower program around 12:00 p.m.

10  After making a phone call plaintiff began to walk back toward his cell.  He was approached by

11  Denniston and Saelee.  Denniston "roughly grabbed his right arm and began to place restraints

12  very tightly, cutting into the skin."  (Id.)  Plaintiff asked Denniston to loosen the handcuffs.

13       In response, Denniston and Saelee "slammed him to the ground and immediately began

14  punching and kicking his body and face."  (Id.)  Plaintiff acknowledges that he "squirmed" while

15  attempted to "avoid the blows."  (Id. at 10.)  One of the officers put his knee on plaintiff's back to

16  stop him from moving.  Plaintiff claims he never resisted even though officers yelled at him to

17  stop resisting.  Plaintiff states he was in and out of consciousness during the incident.

18       Plaintiff alleges MCSP officers have a practice of yelling stop resisting when they use

19  force, even if inmates are not resisting "so that witnesses would hear the fabricated justification

20  for the use of force."  (Id. at 10.)

21       Denniston and Saelee deployed pepper spray to plaintiff's face and body.  (Id. at 10.)

22  Plaintiff alleges that officers at MCSP have a practice of unnecessarily using pepper spray in face

23  and eyes of immobilized inmates that have been beaten by staff.  (Id.)  While Denniston and

24  Saelee were striking plaintiff, Tsushko, Estupinan, Medina, Gamez, Ables, Young, Warren,

25  Endicott, B. McTaggart, and K. McTaggart arrived on the scene.  These individuals failed to

26  intervene or otherwise prevent Denniston and Saelee from striking plaintiff.  (Id. at 10-11.)

27  Defendants Tsushko, Estupinan, Media, Gamez, Endicott, and B. McTaggart joined the others

28  ////

4

1   punching and kicking plaintiff.  (Id. at 11.)  Tsushko and B. McTaggart got leg irons to further

2   restrain plaintiff.

3          Plaintiff further alleges that Sears, K. McTaggart, Ables, Young, and Warren refused to

4   prevent Denniston, Saelee, Tsushko, Estupinan, Medina, Gamez, Endicott, and B. McTaggart

5   from beating plaintiff.  During the incident inmates shouted "leave him alone. You guys are going

6   to kill him!" at the officers.  (Id.)  In response, Denniston, Saelee, Tsushko, Estupinan, Medina,

7   Gamez, Endicott, and B. McTaggart dragged plaintiff out of sight of the other inmates.

8          Once out of sight, Tsushko, Denniston, Saelee, Estupinan, Medina, Gamez, Endicott, and

9   B. McTaggart continued to punch and kick plaintiff while his legs and arms were restrained.

10  Plaintiff alleges that once the officers noticed he was bleeding they stopped their assault.  Plaintiff

11  suffered a long gash on his ear, cuts to his hands and ankles, black eyes, as well as bruises and

12  knots on his bodies.  (Id.)

13         He was placed on a wheelchair and escorted to a decontamination cell.  (Id. at 11.)  LVN

14  Woods examined plaintiff while he was in the holding cell.  (Id.)  Woods denied plaintiff's

15  request for further medical attention and failed to document his injuries on a CDCR 7219 Form.

16  (Id.)

17         Plaintiff was restrained in the holding cell for five hours.  (Id. at 12.)  During that time, he

18  asked Endicott and Clays to remove the restraints.  He alleges they laughed at his request.

19  Plaintiff also asked Quiring to remove his restrains because they were cutting into his wrists and

20  legs.  Quiring stated, "C'mon, it doesn't hurt that bad. Be a man."  (Id.)  Sergeant Kassis

21  conducted a use-of-force interview with plaintiff.  It was recorded by sergeant Vina.

22         Plaintiff claims after the interview defendants Saelee, Denniston, Estupinan, Tsushko,

23  Gamez, Sears, Ables, B. McTaggart, K. McTaggart, Endicott, Warren, Young, Medina, Clays,

24  Quiring, and Woods met and discussed how to respond to the incident.  He alleges pursuant to an

25  existing MCSP custom they agreed to say that plaintiff initiated the confrontation.  He further

26  claims that defendants conspired to create a fictitious story that plaintiff resisted staff and was

27  intoxicated.  (Id.)

28  ////

McTaggart conspired with Oehler to "produce documentation reflecting that McTaggart suffered an injury to the chin from a head-butt by the Plaintiff." (Id. at 13.) He further alleges defendants Saelee, Denniston, Estupian, Tsushko, Gamez, Sears, Ables, B. McTaggart, K. McTaggart, Endicott, Warren, Young, Medina, Quiring, Woods, and Oehler wrote a false report that resulted in prison disciplinary and criminal charges. The Amador County Superior Court dismissed the charges. (Id.)

## II.    Does Plaintiff State a Claim under § 1983?

### A. Excessive Force[1]

Plaintiff alleges that defendants Saelee, Denniston, Estupinan, Tsushko, Gamez, B. McTaggart, Endicott, and Medina used excessive force against him. (ECF No. 1 at 14.)

### 1. Legal Standards

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for excessive force, the plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

However, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 (citation omitted). That is, "[n]ot every push or shove . . . violates a prisoner's constitutional rights." Id. (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of

---

[1] Plaintiff has indicated that his claims excessive force, failure to protect, and deliberate indifference claims are brought under both the Eighth and Fourteenth Amendments. However, plaintiff's claims are more appropriately brought under the Eighth Amendment only. As the Supreme Court has explained, "if a constitutional claim is covered by a specific provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quoting Lanier v. United States, 520 U.S. 259, 272 n.7 (1997)); see also Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) ("After conviction, the Eighth Amendment serves as the primary source of substantive protection" and "any protection that substantive due process affords convicted prisoners against excessive force is . . . redundant of that provided by the Eighth Amendment.") (quotations and citation omitted).

1  mankind."  <u>Id.</u> at 9-10 (citation and quotation omitted).  Furthermore, "[prison] administrators . . .

2  should be accorded wide-ranging deference in the adoption and execution of policies and

3  practices that in their judgment are needed to preserve internal order and discipline and to

4  maintain institutional security."  <u>Id.</u> at 6 (ellipses in original) (citation omitted).

5             **2.  Analysis**

6        Plaintiff alleged defendants Saelee and Denniston roughly handcuffed him before

7  slamming plaintiff to the ground where they began punching and kicking him.  (ECF No. 1 at 9.)

8  Plaintiff also alleges Denniston and Saelee pepper sprayed his face and body.  He further claims

9  that Tsushko, Estupinan, Medina, Gamez, Endicott, and B. McTaggart joined Denniston began

10  punching and kicking plaintiff.  (<u>Id.</u> at 11.)  Plaintiff states that he did not resist officers at any

11  point.  (<u>Id.</u> at 10.)  Plaintiff has alleged that officers used force against him without provocation

12  and continued to use force even though he did not resist their efforts to restrain him.  Such

13  allegations are sufficient to state a potentially cognizable excessive force claim against defendants

14  Denniston, Saelee, Tsushko, Estupinan, Medina, Gamez, Endicott, and B. McTaggart.

15         **B.  Failure to Protect**

16        Plaintiff alleges Quiring, Clays, Sears, McTaggart, Ables, Young, and Warren violated his

17  Eighth Amendment rights by failing to protect him.  (ECF No. 1 at 14.)

18            **1.  Legal Standards**

19      A failure to protect claim under the Eighth Amendment requires a showing that "the official

20  [knew] of and disregard[ed] an excessive risk to inmate . . . safety."  <u>Farmer v. Brennan</u>, 511 U.S.

21  825, 837 (1994).  "Whether a prison official had the requisite knowledge of a substantial risk is a

22  question of fact subject to demonstration in the usual ways, including inference from

23  circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a

24  substantial risk from the very fact that the risk was obvious."  <u>Id.</u> at 842 (citations omitted).  The

25  duty to protect a prisoner from serious harm requires that prison officials take reasonable

26  measures to guarantee the safety and well-being of the prisoner.  <u>Id.</u> at 832-33; <u>Frost v. Agnos</u>,

27  152 F.3d 1124, 1128 (9th Cir. 1998).  Because "only the unnecessary and wanton infliction of

28  pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted

1   with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal

2   quotation marks, emphasis, and citations omitted).

3            **2.  Analysis**

4        Plaintiff alleges defendants Quiring, Clays, Sears, K. McTaggart, Ables, Young, and

5   Warren observed other defendants assaulting him but did not intervene to stop the attack.  (ECF

6   No. 1 at 10-11.)  Such allegations are sufficient to state a potentially cognizable failure to protect

7   claim against these defendants.

8            **C.  Deliberate Indifference**

9        Plaintiff claims defendants Woods, Saelee, Denniston, Estupinan, Tsushko, Gamez, Sears,

10  Ables, B. McTaggart, K. McTaggart, Endicott, Warrant, Young, Medina, Clays, and Quiring

11  denied him medical care to hide his injuries and cover up the assault.  (ECF No. 1 at 15.)

12           **1.  Legal Standards**

13       The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

14  Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

15  punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

16  Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

17  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

18  and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

19  by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

20       The deliberate indifference standard involves an objective and subjective prong.  First, the

21  alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan,

22  511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison

23  official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."

24  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment

25  for denying humane conditions of confinement only if he knows that inmates face a substantial

26  risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-

27  45.

28  ////

8

1    Where a prisoner's Eighth Amendment claim arises in the context of medical care, the

2    prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

3    indifference to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth Amendment medical

4    claim has two elements: "the seriousness of the prisoner's medical need and the nature of the

5    defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),

6    overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en

7    banc).

8    A medical need is serious "if the failure to treat the prisoner's condition could result in

9    further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974

10   F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

11   "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

12   at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

13   objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

14   825, 834 (1994).

15   If a prisoner establishes the existence of a serious medical need, he must then show that

16   prisoner officials responded to the serious medical need with deliberate indifference.  See Farmer,

17   511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny,

18   delay, or intentionally interfere with medical treatment, or may be shown by the way in which

19   prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th

20   Cir. 1988).

21   Before it can be said that a prisoner's civil rights have been abridged with regard to

22   medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

23   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

24   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

25   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

26   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

27   Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

28   ////

1    mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

2    the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

3          Finally, mere differences of opinion between a prisoner and prison medical staff or

4    between medical professionals as to the proper course of treatment for a medical condition do not

5    give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

6    332 (9th Cir. 1996) overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083

7    (9th Cir. 2014) (en banc); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon,

8    662 F.2d 1337, 1344 (9th Cir. 1981).

9                    **2.   Analysis**

10         Plaintiff has alleged that LVN Woods denied plaintiff's request for medical treatment

11   even though he had obvious injuries.  (ECF No. 1 at 11.)  Such an allegation is sufficient to state a

12   claim for violation of plaintiff's Eighth Amendment right to adequate medical care.

13         Plaintiff has also alleged that defendants Saelee, Denniston, Estupinan, Tsushko, Gamez,

14   Sears, Ables, McTaggart, Endicott Warren, Young, Medina, Clays, and Quiring denied him

15   medical care.  Plaintiff has included allegations indicating that he was denied medical care during

16   the time he spent in a holding cell.  (ECF No. 1 at 12.)  During that time, plaintiff alleges he

17   asked Endicott and Clays to remove his restraints, but they refused.  (Id.)  He also asked Quiring

18   to remove his restraints because they were cutting into his wrists.  Claims involving restraints are

19   typically brought and analyzed as excessive force claims.  Wall v. Cnty. of Orange, 364 F.3d

20   1107, 1112 (9th Cir. 2004) ("overly tight handcuffs can constitute excessive force").

21         Accordingly, the undersigned declines to find that plaintiff's allegations are sufficient to

22   show that defendants Saelee, Denniston, Estupinan, Tsushko, Gamez, Sears, Ables, McTaggart,

23   Endicott Warren, Young, Medina, Clays, and Quiring deprived plaintiff of adequate medical care

24   in violation of his Eighth Amendment rights.  Additionally, to the extent plaintiff's claim is based

25   on his allegation that his receipt of medical treatment was delayed during the time he was in a

26   holding cell, the allegations in the complaint are not sufficiently specific for the undersigned to

27   conclude that plaintiff has stated a potentially cognizable claim.  It is not clear from the

28   allegations, which of the named defendants had knowledge that plaintiff was confined to a

holding cell for five hours without receiving medical treatment.  Further, in order to state a deliberate indifference claim based on a delay in medical treatment, plaintiff must state facts showing that he was harmed by the delay.  Hallett, 296 F.3d at 745-46.

### D.  Civil Conspiracy

Plaintiff claims that defendants Denniston, Estupinan, Tsushko, Gamez, Sears, Ables, B. McTaggart, K. McTaggart, Endicott, Warren, Young, Medina, Clays, Quiring, Woods, and Oehler conspired to violate his civil rights.  (ECF No. 1 at 15-16.)

#### 1.  Legal Standards

In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants."  Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at 1541).

#### 2.  Analysis

Plaintiff claims defendants refused to properly investigate the use of force, covered up the use of force by alleging plaintiff was resisting and was intoxicated, but refused to conduct urinalysis.  (ECF No. 1 at 16.)  He alleges pursuant to an existing MCSP custom by correctional staff the defendants agreed to say that plaintiff initiated the confrontation.  He further claims that

1  defendants conspired to create a fictitious story plaintiff resisted staff and was intoxicated.  (Id. at

2  12.)  He further states defendants Saelee, Denniston, Estupinan, Tsushko, Gamez, Sears, Ables,

3  B. McTaggart, K. McTaggart, Endicott, Warren, Young, Medina, Quiring, Woods, and Oehler

4  wrote false RVR and criminal charges.  (Id.)

5         The court finds such allegations sufficient to state a potentially cognizable conspiracy

6  claim.  Carreon v. Baumann, 747 F. Supp. 1290, 1292 (N.D. Ill. 1990) (finding allegations that

7  defendants "conspired together to conceal and cover-up the facts surrounding violations of

8  plaintiff's constitutional rights" and acts performed in furtherance of the alleged conspiracy were

9  sufficient to state a claim).

10        **E.  State Law Claims**

11        Plaintiff stated that he filed governmental tort claims in compliance with the California

12  Claims Act and his claims were rejected.  (ECF No. 1 at 4.)

13             **1.  Cal Civil Code § 52.1**

14             **a.  Legal Standards**

15        "The Bane act prohibits any person from interfering by 'threats, intimidation or coercion .

16  . . with the exercise or enjoyment by any individual . . . of the rights secured by the

17  Constitution[.]"  Gregory v. City of Vallejo, 63 F.Supp.3d 1171, 1182 (E.D. Cal. 2014) (quoting

18  Cal.Civ. Code  52.1(a)).  Thus, "Section 52.1 provides a cause of action for violations of a

19  plaintiff's state or federal civil rights committed by threats, intimidation, or coercion."  Reese v.

20  Cty. of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018).

21             **b.  Analysis**

22        Plaintiff's allegations relative to his claim under California Civil Code state in part,

23        The United States Constitution, Amendments Eight and Fourteen,
        and the California Constitution, Article I, guarantee the right of
24        persons to be free from excessive force. Defendants, by engaging in
        the wrongful conduct alleged herein, denied this right to Plaintiff thus
25        giving rise to a claim for damages pursuant to California Civil Code
        § 52.1
26
   (ECF No. 1 at 16-17.)
27
   ////
28

                                              12

1    The undersigned finds the allegations are insufficient to state a potentially cognizable

2    claim.  Without additional facts, the undersigned cannot determine the basis of plaintiff's claims.

3    In any amended complaint, plaintiff should include specific facts indicating how each defendant

4    violated his rights by threats, intimidation, and coercion.

5              **2.   Battery**

6              **a.   Legal Standards**

7    "To prevail on a claim of battery under California law, a plaintiff must establish that: (1)

8    the defendant touched plaintiff or caused the plaintiff to be touched with the intent to harm or

9    offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed

10   or offended by defendant's conduct; and (4) a reasonable person in plaintiff's situation would

11   have been offended by the touching."  Avina v. U.S., 681 F.3d 1127, 1130-31 (9th Cir. 2012)

12   (citing Judicial Council of Cal., Civil Jury Instructions No. 1300 Cal., Civil Jury Instructions No.

13   1300 ("Battery") (2012)).

14             **b.   Analysis**

15   Plaintiff claims defendants Saelee, Denniston, Estupinan, Tsushko, Gamez, B. McTaggart,

16   Endicott, and Medina battered him.  As set forth above, the undersigned determined that

17   plaintiff's allegations were sufficient to state an excessive force claim against these same

18   defendants.  Thus, the allegations are sufficient to state a claim for battery against these

19   defendants as well.  Wilkins v. Heslop, No. 2:20-cv-1622 KJM DB P, 2023 WL 2876745, at * 6

20   (E.D. Cal. Apr. 10, 2023) (finding allegations that defendant used force unconnected to a

21   penological purpose, to cause harm to plaintiff sufficient to state potentially cognizable assault

22   and battery claims).

23             **3.   Intentional Infliction of Emotional Distress**

24             **a.   Legal Standards**

25   "The elements of the tort of intentional infliction of emotional distress are: (1) extreme

26   and outrageous conduct by the defendant with the intention of causing, or reckless disregard of

27   the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

28   emotional distress; and (3) actual and proximate causation of the emotional distress by the

defendant's outrageous conduct."  Christensen v. Superior Court, 54 Cal.3d 868 (1991).  "Only conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress is actionable."  Brooks v. United States, 29 F. Supp. 2d 613, 617-18 (N.D. Cal. 1998) (internal quotation marks omitted).

### b.  Analysis

In support of his intentional infliction of emotional distress claim, plaintiff has alleged that defendants' "conduct was extreme and outrageous, and caused Plaintiff to sustain severe emotional distress."  (ECF No. 1 at 17.)  Allegations of excessive force may be sufficient to state a claim for intentional infliction of emotional distress.  Shepherd v. Neuschmid, 2:19-cv-0084 JAM DB P, 2019 WL 2285349 at *2, 4 (E.D. Cal. May 29, 2019) (finding allegations that defendant used excessive force, including overly tight restraints, sufficient to state claim for intentional infliction of emotional distress).  However, in order for the court to determine whether plaintiff has stated a potentially cognizable claim, plaintiff must specify which actions he alleges were extreme and outrageous.  Accordingly, the undersigned finds that the complaint does not state a potentially cognizable intentional infliction of emotional distress claim.

### 4.  Negligence

Plaintiff alleges that all defendants failed to exercise ordinary care to ensure that he did not suffer excessive force, including overly tight handcuffs while in their custody, and as a result he suffered harm.  (ECF No. 1 at 18.)

### a.  Legal Standards

To state a negligence claim, plaintiff must state facts showing: (1) defendant owed plaintiff a duty of care, (2) defendant breached that duty, (3) the breach was the proximate or legal cause of the resulting injury, and (4) plaintiff was damaged.  Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996).  Additionally, California law imposes a common law duty on prison guards to protect prisoners from foreseeable harm.  Cotta v. County of Kings, 686 Fed.Appx. 467. 469 (9th Cir. 2017); Lawson v. Superior Court, 180 Cal.App.4th 1372, 1389-90 (2010); Giraldo v. Calif. Dep't of Corr. & Rehab., 168 Cal.App.4th 231, 246-51 (2008).

////

1

#### b.  Analysis

2        The undersigned finds such allegations minimally sufficient to state a potentially

3   cognizable negligence claim against the defendants.

4        **5.  Medical Negligence**

5        Plaintiff claims defendants Woods, Quiring, Clays, B. McTaggart, K. McTaggart, Saelee,

6   Denniston, Estupinan, Tsushko, Gamez, Sears, Ables, Endicott, Warren, Young, and Medina

7   acted negligently by failing to provide timely medical care.  (ECF No. 1 at 18.)

8        #### a.  Legal Standards

9        "To establish medical malpractice, a plaintiff must state all of the following: (1) that the

10  defendant was negligent; (2) that the plaintiff was harmed; and (3) that the defendant's negligence

11  was a substantial factor in causing the plaintiff's harm."  Mendez v. United States, No. 1:17-cv-

12  00555-LJO-MJS (PC), 2018 WL 1729133, at *14 (E.D. Cal. Apr. 10, 2018), report and

13  recommendation adopted, 2018 WL 3218369 (E.D. Cal. June 29, 2018) (citing Ladd v. Cnty. of

14  San Mateo, 12 Cal. 4th 913, 917 (1996)).  "The standard of care in a medical malpractice case

15  requires that medical service providers exercise that . . . degree of skill, knowledge and care

16  ordinarily possessed and exercised by members of their profession under similar circumstances."

17  Id. (citing Barris v. Cnty. of Los Angeles, 20 Cal. 4th 101, 108 (Cal. 1999); Landeros v. Flood, 17

18  Cal. 3d 399, 408 (1976)).

19       #### b.  Analysis

20       Allegations that prison officials failed to provide timely and/or adequate medical care

21  could state a claim.  Clark v. Gutierrez, No. 1:21-cv1386 EPG (PC), 2022 WL 1913772, at *13

22  (E.D. Cal. June 3, 2022) (finding plaintiff state a potentially cognizable medical negligence claim

23  based on same allegations used to sufficiently allege a deliberate indifference to medical needs

24  claim).  The undersigned determined above, that plaintiff's allegations lacked the necessary

25  factual specificity to state a potentially cognizable deliberate indifference to medical needs claim

26  against defendants Saelee, Denniston, Estupinan, Tsushko, Gamez, Sears, Ables, McTaggart,

27  Endicott Warren, Young, Medina, Clays, and Quiring, but stated a potentially cognizable claim as

28  to defendant Woods.  Accordingly, the complaint states a potentially cognizable medical

1 negligence claim against defendant Woods only.  In any amended complaint, plaintiff should state

2 facts explaining which defendants failed to provide medical care and the basis for the lack of

3 adequate medical care.

4                    **6.   Government Codes §§ 844.6 and 845.6**

5              Plaintiff alleges that defendants knew he needed medical care, but failed to take

6 reasonable action to summon or provide such care.  (ECF No. 1 at 19.)

7                        **a.   Legal Standards**

8              California Government Code § 844.6 states that public entities are immune from liability

9 for an injury to "any prisoner."  However, California Government Code § 845.6 contains an

10 exception to § 844.6 making the employee liable if the employee failed to summon medical care.

11              To state a claim under § 845.6, a prisoner must allege facts showing: (1) the public

12 employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed

13 to reasonably summon such care.  Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2009) (citing Cal.

14 Gov't Code § 845.6).  "Liability under section 845.6 is limited to serious and obvious medical

15 conditions requiring immediate care."  Id. (citation and quotation omitted).

16                        **b.   Analysis**

17              Plaintiff states that defendants stopped their assault because he was bleeding and as a

18 result he suffered a long gash on his ear, cuts to his hands and ankles, black eyes, as well as

19 bruises and knots on his body.  (ECF No. 1 at 11.)  He has also stated that Woods denied him

20 further medical treatment.  (Id.)  The court finds such allegations sufficient to state a potentially

21 cognizable claim pursuant to California Government Code § 845.6 against defendants Woods,

22 Quiring, Clays, Saelee, Denniston, Estupinan, Tsushko, Gamez, Sears, Ables, B. McTaggart, K.

23 McTaggart, Endicott, Warren, Young, and Medina.  Downs v. Jiminez, No. 2:22-cv-1021 AC P,

24 2023 WL 3063335 at *4 (E.D. Cal. Apr. 24, 2023) (finding allegation that defendant ignored

25 plaintiff's request for medical assistance after being notified plaintiff was in distress states a claim

26 under California Government Code § 845.6)

27 ////

28 ////

                                        16

**AMENDING THE COMPLAINT**

As set forth above, the complaint contains several cognizable claims, but fails to state a claim as to some of the allegations.  Therefore, plaintiff will be given the option to proceed with the complaint as screened or file an amended complaint.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

17

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

As set forth above, plaintiff has stated the following potentially cognizable claims:

- An excessive force claim against defendants Denniston, Saelee, Tsushko, Estupinan, Medina, Gamez, Endicott, and B. McTaggart;

- A failure to protect claim against defendants Quiring, Clays, Sears, K. McTaggart, Ables, Young, and Warren;

- A deliberate indifference to medical needs claim against defendant Woods;

- A civil conspiracy claim against defendants Denniston, Estupinan, Tsushko, Gamez, Sears, Ables, B. McTaggart, K. McTaggart, Endicott, Warren, Young, Medina, Clays, Quiring, Woods, and Oehler;

- A battery claim against defendants Saelee, Denniston, Estupinan, Tsushko, Gamez, B. McTaggart, Endicott, and Medina;

- A negligence claim against defendants Denniston, Jorge Estupinan, Tsushko, Gamez, Sears, Ables, B. McTaggart, K. McTaggart, Endicott, Warren, Young, Medina, Clays, Quiring, Woods, and Oehler;

- A medical negligence claim against defendant Woods; and

- A claim pursuant to government code § 845.6 against defendants Woods, Quiring, Clays, Saelee, Denniston, Estupinan, Tsushko, Gamez, Sears, Ables, B. McTaggart, K. McTaggart, Endicott, Warren, Young, and Medina;

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) states potentially cognizable excessive force, failure to protect, conspiracy, battery, negligence, and medical negligence claims as set forth in Section III above.  The complaint does not contain any additional cognizable claims.  Accordingly, plaintiff will have the option to proceed with the complaint as screened or amend the complaint.

4. Within thirty (30) days from the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  May 22, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/alle0661.scrn

19

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                       FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9     RODGER ALLEY,                              No.  2:22-cv-0661 DB P

10                    Plaintiff,

11           v.                                  NOTICE OF ELECTION

12    ALLEN SAELEE, et al.,

13                    Defendants.

14    Check one:

15    _____   Plaintiff wants to proceed immediately on his excessive force, failure to protect,

16            conspiracy, battery, negligence, and medical negligence claims.  Plaintiff understands

17            that by going forward without amending the complaint he is voluntarily dismissing all

18            other claims.

19

20    _____   Plaintiff wants to amend the complaint.

21

22    DATED:_____

23

24                                              _____
                                                Rodger Alley
25                                              Plaintiff pro se

26

27

28

                                    20